## LEOPOLD *v.* GODFREY *et al.*

*(Circuit Court, N. D. Illinois.   January, 1882.)*

1. EXECUTIONS—LEVY AND LIEN—STATE AND FEDERAL COURTS.

     Where two executions issue from the state and federal courts, respectively, it makes no difference that the former was first placed in the hands of the officer, as the latter, under which levy is first made, will hold the property, there being no lien by either judgment.

2. SAME—CLAIMS OF LANDLORD.

     In Illinois, where the landlord has no lien upon the personal property of his tenant for rent before the actual levy of his distress warrant, he is not entitled to claim against a prior levy under execution.

In Equity.   Bill to set aside a sale of personal property in fraud of creditors.   Decree for complainant.

The facts in this case were that the complainant, Leopold, on March 4, 1880, recovered a judgment in this court for $3,588.54 and costs against Stephen R. Godfrey.   The execution was delivered to the marshal, and a levy was made on a stock of goods in a store at Rockford, which had belonged to and been in the possession of Godfrey up to February 28, 1880, when he had made a pretended sale and delivery to his son, William H. Godfrey, and William B. Shaut, who had been an employe.   The bill charged that this sale was fraudulent and void, and prayed that it be set aside, and the property applied to the payment of complainant's judgment.   Then Mary A. Godfrey, wife of Stephen R. Godfrey, filed a cross bill, alleging that she had recovered a just judgment March 1, 1880, against her husband, in the Winnebago county circuit court, for $3,500, and issued execution on the same day to the sheriff of that county; that her execution was a lien on the property from the date of its receipt by the sheriff, and a prior lien to that of the federal court judgment; and she therefore prayed that the amount of her execution be first satisfied.   Jonathan Peacock, the landlord of the Godfrey store, also filed a cross bill, claiming $187.50 rent under a written lease dated March 1, 1878.   He claimed that under this lease he had a first and valid lien on the property.

*Tenney, Flower & Cratty,* for complainant.

*E. H. Baker,* for Mary A. Godfrey.

*N. C. Warner,* for Jonathan Peacock.

*C. M. Brazee,* for Godfrey and Shaut.

BLODGETT, District Judge.   The evidence satisfies me that the sale by Godfrey to his son and Shaut was void for want of consideration; no cash having been paid, and the $6,000 worth of notes which were given not having been taken up.   It will therefore be set aside as a fraud upon the creditors.

As to Mrs. Godfrey's claim, the rule is well settled that when executions issue from the state and federal courts, if there be no lien by the judgment, the one under which a seizure is first made must prevail, and hold the property.   Here there was no lien by virtue of the judgment,

and, as the liens of sheriff and marshal were concurrent, the one who per-fected his lien by actual levy, as did the marshal, must hold.    The cross bill of Mrs. Godfrey must therefore be dismissed.

As to Peacock's claim for rent, the law in this state is that the land-lord had no lien, under the statute or the covenants in his lease, upon the personal property of his tenant prior to the actual levy of his distress warrant.    As the levy of the marshal was prior to that of the landlord, Peacock's cross bill must also be dismissed.    The goods having been sold in the mean time under an interlocutory order, and the proceeds paid into court, a decree will be entered that the fund, less costs taxed, be paid to the complainant.